UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC W., <br><br> Plaintiff, <br><br> v. <br><br> MARTIN O'MALLEY, <br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 21 CV 4502 <br><br> Magistrate Judge McShain |

### MEMORANDUM OPINION AND ORDER

Plaintiff Eric W. appeals the Commissioner of Social Security's decision denying his application for benefits. For the following reasons, plaintiff's motion to reverse or remand [11] is granted, defendant's motion for summary judgment [13] is denied, and the case is remanded for further administrative proceedings.[1]

### Background

In July 2019, plaintiff applied for supplemental security income with an alleged onset date of January 1, 2013. [8-1] 18. The claim was denied initially, on reconsideration, and, following a hearing before an administrative law judge (ALJ), in the ALJ's February 5, 2021 written decision. [*Id.*] 18-30. The Appeals Council denied review in June 2021, [*id.*] 1-6, making the ALJ's decision the agency's final decision. *See* 20 C.F.R. §§ 404.955 & 404.981. Plaintiff then appealed to this Court [1], and the Court has subject-matter jurisdiction pursuant to 42 U.S.C. § 405(g).[2]

The ALJ reviewed plaintiff's claim in accordance with the Social Security Administration's five-step sequential-evaluation process. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. [8-1] 20. At step two, the ALJ determined that plaintiff had the following severe impairments: disorders of the gastrointestinal system; spine disorders; personality and impulse control disorders; depressive, bipolar, and related disorders; alcohol

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings, except for citations to the administrative record [8], which refer to the page numbers in the bottom right corner of each page.

[2] The parties have consented to the exercise of jurisdiction in this case by a United States Magistrate Judge. [4, 6].

abuse disorder; and anxiety. [*Id.*] 20-21. At step three, the ALJ ruled that plaintiff's impairments did not meet or equal the severity of a listed impairment. [*Id.*] 21-23. Before turning to step four, the ALJ determined that plaintiff had the residual functional capacity (RFC) to perform light work; he could perform simple and routine tasks in a work environment free of fast-paced production requirements and involving only simple work-related decisions with few, if any, workplace changes; and he could have occasional interactions with supervisors and coworkers but only brief and superficial contact with the general public. [*Id.*] 23. At step four, the ALJ found that plaintiff had no past relevant work. [*Id.*] 28. At step five, the ALJ determined that jobs existed in significant numbers in the national economy that plaintiff could perform: molding machine operator (135,000 jobs nationally), final inspector (115,000 jobs nationally), and routing clerk (125,000 jobs nationally). [*Id.*] 29. The ALJ accordingly found that plaintiff was not disabled.

## Legal Standard

The Court reviews the ALJ's decision deferentially to determine if it is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "not a high threshold: it means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Karr v. Saul*, 989 F.3d 508, 511 (7th Cir. 2021) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019)). "When reviewing a disability decision for substantial evidence, we will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute our judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (internal quotation marks and brackets omitted).

## Discussion

Plaintiff argues that the ALJ failed to build a logical bridge between his weighing of the opinion of clinical psychologist Karen Witherspoon and the ultimate RFC determination. [12] 8-13. In support, plaintiff observes that the ALJ found Dr. Witherspoon's opinion that he had moderate difficulties in understanding, communicating, and self-care persuasive, but the ALJ did not address Dr. Witherspoon's further opinion that he had an extreme limitation in participating in society. [*Id.*] 11-12. Plaintiff also contends that the ALJ did not account for Witherspoon's finding that he had severe to extreme difficulties in other areas of functioning, including concentrating for at least ten minutes at a time, getting along with people close to him, and doing important household tasks. [*Id.*] 11. The Court agrees with plaintiff that the ALJ's failure to explain why she did not incorporate these key components of Dr. Witherspoon's opinion in the RFC requires a remand.

"A disability claimant's RFC describes the maximum she can do in a work setting despite her mental and physical limitations." *Thomas v. Colvin*, 745 F.3d 802,

2

807 (7th Cir. 2014). "An ALJ must evaluate all relevant evidence when determining an applicant's RFC[.]" *Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012). "Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion; in so doing, he may not ignore entire lines of contrary evidence." *Id.* at 592.

Dr. Witherspoon, a psychologist at the Healing, Empowering, and Learning Professionals Center where plaintiff received psychological care, prepared a report on October 13, 2020. [8-1] 661-63. Witherspoon found that plaintiff met the "diagnostic criteria for a depressive disorder with anxious distress and an alcohol use disorder due to his pattern of problematic drinking." [*Id.*] 663. Witherspoon's findings were based in part on the World Health Organization Disability Assessment Schedule 2.0 (the WHO assessment), which "provides a global measure of disability by assessing day-to-day functioning in domain-specific areas[.]" [*Id.*] 662. According to Dr. Witherspoon, the WHO assessment established that plaintiff had moderate impairments in understanding and communication, getting around, self-care, and getting along with people. [*Id.*] 662. The WHO assessment further established that plaintiff had an "extreme" limitation in "Participation in society." [*Id.*]. In support of these findings, Dr. Witherspoon explained:

> Severe to extreme difficulty was reported in the areas of concentrating for a period of at least ten minutes, standing for long periods of time, getting along with people close to him, and doing most important household tasks well. He reported Extreme Difficulty in the area of participation in society. Severe to extreme difficulty was reported in the areas of barriers and hindrances being a problem, spending a lot of time on his health condition, health draining on him financially, family being impacted by his health condition, and difficulty doing things by himself for relaxation or pleasure.

[*Id.*] 663.

The ALJ found that Dr. Witherspoon's opinion that plaintiff's "mental impairments caused moderate limitations in areas of mental functioning" was "persuasive" and "well supported and consistent with the evidence." [8-1] 27. The ALJ noted that Witherspoon based her opinion on "testing she completed on the day that she issued her opinion and her opinions were consistent with the claimant's statements during the evaluation that she completed in October 2020." [*Id.*]. The ALJ also found that the opinion was "generally consistent with the medical evidence, which indicates that the claimant's mental impairments and alcohol abuse affected his cognitive functioning, relationship with his family members and his ability to care for himself at times[.]" [*Id.*].

3

The Court concludes that the ALJ erred by failing to explain why she did not adopt Dr. Witherspoon's findings that plaintiff had severe to extreme difficulties concentrating for at least ten minutes at a time and getting along with others close to him and extreme difficulties participating in society.

An ALJ "must explain [his] analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Moira L. v. Kijakazi*, No. 19 C 2687, 2022 WL 846469, at *2 (N.D. Ill. Mar. 22, 2022) (internal quotation marks omitted). "An ALJ is not required to credit every part of a medical opinion just because he credits one part." *Mildred B. v. Kijakazi*, No. 19 CV 3532, 2022 WL 1746849, at *3 (N.D. Ill. May 31, 2022) (internal quotation marks omitted). But when the ALJ finds opinion evidence persuasive, he does have an obligation to explain why he adopted some of the opining doctor's findings but not others. *See id.*, at *3 (remanding where ALJ gave "considerable weight" to opinions of state agency reviewers but failed to discuss or adopt one reviewer's opinion that plaintiff was limited to 1-2 step tasks); *see also Adam G. v. O'Malley*, No. 21 CV 639, 2024 WL 3694491, at *3 (N.D. Ill. Aug. 7, 2024) (remanding where ALJ found state agency reviewer's opinion "somewhat persuasive" but did not address or account for reviewer's opinion that plaintiff had a moderate persistence limitation); *Diaz v. Berryhill*, No. 16 C 11149, 2017 WL 4163959, at *2 (N.D. Ill. Sept. 20, 2017) (remanding where ALJ gave some weight to state agency psychologists' opinions but did not explain why RFC omitted their findings that plaintiff was limited to 1-2 step tasks). In this case, however, the ALJ indicated that he found Dr. Witherspoon's opinion persuasive to the extent that Witherspoon opined that plaintiff had moderate limitations in certain areas of mental functioning, but the ALJ did not indicate whether he credited–or why he did not credit–Witherspoon's opinion regarding plaintiff's severely to extremely impaired ability to concentrate for ten minutes at a time, to get along with others close to him, and to participate in society.

The Commissioner's contrary arguments lack merit. The Commissioner first contends that there was no error because the ALJ mentioned Dr. Witherspoon's opinion that plaintiff had an extreme limitation in participating in society. [13] 6-7. The Court recognizes that the ALJ did mention this limitation, *see* [8-1] 22, 26, but the error here was the ALJ's failure to explain why he did not credit that part of the opinion and why the RFC did not include a corresponding limitation. *See Moira L.*, 2022 WL 846469, at *2. The Commissioner next argues that plaintiff has not identified a specific work-related limitation that should have been included in the RFC to account for the extreme limitation in participating in society. [13] 7. This argument ignores the fact that plaintiff also challenges the ALJ's failure to account for Witherspoon's opinion that he had a severe to extreme limitation in concentrating for at least ten minutes at a time, *see* [12] 12-14, which has obvious relevance to the ALJ's finding that plaintiff had only a mild limitation in concentrating, persisting, or maintaining pace and was capable of simple work. In any event, an extreme difficulty in participating in society appears on its face to be in tension with plaintiff's ability

4

to occasionally interact with coworkers and supervisors. More to the point, it was the ALJ's burden to explain why that opinion did or did not warrant a corresponding limitation in the RFC, but the ALJ–despite finding Dr. Witherspoon's opinion generally persuasive and consistent with the record–overlooked this evidence without explanation. *See Brenda R. v. Kijakazi*, No. 20-cv-7498, 2023 WL 3689458, at *6 (N.D. Ill. May 26, 2023) ("if the ALJ did not believe Claimant's mental impairments warranted non-exertional limitations in the RFC, he was obligated to explain why"). Finally, the Court notes that the Commissioner has not raised a harmless-error argument. Such an argument is therefore forfeited. *See James M. v. Kijakazi*, No. 20 CV 2082, 2023 WL 3652862, at *7 n.6 (N.D. Ill. May 25, 2023).

## Conclusion

Plaintiff's motion to reverse or remand [11] is granted and defendant's motion for summary judgment [13] is denied. The decision of the Social Security Administration is reversed, and, in accordance with the fourth sentence of 42 U.S.C. § 405(g), this case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

*[signature]*

**HEATHER K. McSHAIN**
**United States Magistrate Judge**

**DATE: September 27, 2024**